UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KENNETH IRVING, CURTIS SEDA, and JOHN :
O'MEARA, as Trustees and Fiduciaries of the :
LOCAL 463 PENSION FUND, :
                                                    Plaintiff, :
        - against - :               **COMPLAINT**
 :
G. & G. INSTRUMENT CORP. and JOHN DOE :
COMPANIES 1-99, :               Civil Action No.
 :              19-CV-1597
                                   Defendants. :
-----------------------------------------------------------------X

        Plaintiffs Kenneth Irving, Curtis Seda, and John O'Meara, as Trustees of the Local 463 Pension Fund (the "Fund"), by their attorneys, Cohen, Weiss and Simon, LLP, allege as follows:

## INTRODUCTION

        1.     This is an action by fiduciaries of an employee benefit plan to collect $274,633.91 in withdrawal liability, plus statutory interest, liquidated damages, and attorney's fees and costs, from Defendant G. & G. Instrument Corp. (f/k/a G&G Precision Works, Inc.) ("G&G") and from John Doe Companies 1-99.

## JURISDICTION AND VENUE

        2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Sections 502(e)(1) and (f), 515, and 4301(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and (f), 1145, and 1451(c).

        3.     Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301(d), 29 U.S.C. § 1451(d), as the Fund maintains its principal office in this district and is administered and conducts business within this district.

01030400.4

## PARTIES

4.  Plaintiffs are trustees and fiduciaries of the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5.  The Fund is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Fund maintains its principal place of business at 303 Smith Street, Farmingdale, New York 11735. The Fund is administered by a Board of Trustees, comprised of labor and management representatives who share equal voting representation in the administration of the Fund in accordance with 29 U.S.C. § 186(c)(5). The Fund was created and is maintained for the purpose of collecting and receiving contributions on behalf of, and providing pension benefits to, Fund participants in accordance with the Fund's Agreement and Declaration of Trust ("Trust Agreement").

6.  The Trust Agreement establishes that the Plaintiffs are fiduciaries responsible for administering the Fund. Accordingly, the Plaintiffs have the right to bring suit on behalf of the Fund under Sections 502, 515 and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), 1145, and 1451(a)(1).

7.  Upon information and belief, G&G was at all material times a New York corporation that maintained a principal place of business at 466 Saw Mill River Road, Ardsley, New York 10502.

8.  At all times relevant to this action, G&G has been an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

9. Defendants John Doe Companies 1-99 are fictitious defendants representing any trades or businesses that were in the controlled group of G&G as of the date of G&G's complete withdrawal from the Fund.

## FACTUAL BASIS FOR CLAIMS

10. G&G was a party to a series of collective bargaining agreements ("CBA's") with Local 463, IUE-CWA, AFL-CIO. The CBA's bound G&G to the Trust Agreement. The CBA's required G&G to make, and G&G did make, contributions to the Fund on behalf of its employees who were participants in the Fund.

11. On or about December 31, 2015, G&G permanently ceased to have an obligation to contribute to the Fund, which resulted in its "complete withdrawal" from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. §1383(a).

12. As a result of G&G's complete withdrawal from the Fund, G&G incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, in the principal amount of $274,633.91.

13. After determining the amount of withdrawal liability incurred by G&G, the Fund, through its counsel, sent G&G a letter dated September 28, 2017. The letter informed G&G of the amount of withdrawal liability owed and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).

14. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. §1399(c), G&G was required to remit $2,338.33 each quarter for 80 quarters. The first such payment was due December 1, 2017.

15. The Fund's September 28, 2017 letter also demanded that within thirty days G&G provide information about whether it was a member of a group of trades or businesses

under common control ("controlled group") within the meaning of ERISA Section 4001(b)(1) and Sections 414 and 1563 of the Internal Revenue Code and, if so, the names and addresses of each entity within the controlled group.

16. To date, G&G has not paid any amount of the withdrawal liability, requested review of the Fund's withdrawal liability determination or in any other way contested the Fund's determination of the amount owed.

17. To date, G&G has not submitted to the Fund any response to the request for controlled group information in the Fund's September 28, 2017 letter. Accordingly, to date, Plaintiffs have not had sufficient information to identify and assert claims against the entities represented by Defendants John Doe Companies 1-99.

## CAUSE OF ACTION

18. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

19. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

20. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan,
> (a) the unpaid contributions,
> (b) interest on the unpaid contributions,
> (c) an amount equal to the greater of
>     (i) the interest on the unpaid contributions or;
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher

> > > percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> > (iii) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (d) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of title 26.

21. Section 4301(b) of ERISA, 29 U.S.C. §1451(b), provides that an employer's failure to make withdrawal liability payment within the time prescribed "shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title)."

22. G&G's failure to remit payment in response to the Fund's September 28, 2017 letter constitutes a failure to make withdrawal liability payments under ERISA Section 4301(b) and a violation of Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

23. The Fund is entitled to immediate payment of withdrawal liability in the amount of $274,633.91, plus accrued interest, liquidated damages, and attorney's fees and costs pursuant to ERISA Sections 502(g)(2)(A)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A)-(D), 1451(b), and the Trust Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs against Defendants:

1. awarding Plaintiffs withdrawal liability against the Defendants in the amount of $274,633.91, plus interest, liquidated damages, reasonable attorney's fees and costs; and

      2.      ordering such other legal or equitable relief as the Court deems appropriate.

Dated: New York, New York
March 19, 2019

By: _____
Peter D. DeChiara
Cristina E. Gallo
COHEN, WEISS and SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
(212) 563-4100

Attorneys for Plaintiffs